Root
v.
King

*E. Williams,* contra, said the Judges could make no return till they were possessed of the writ itself ; and he read affidavits that this had not been furnished. They deemed this essential.

*Alternative mandamus to the judges of the C. P. is in nature of a rule to show cause, may be served in vacation by showing the original and delivering a copy, the judges should return without waiting to receive the writ, and the relator should cause this to be filed.*

---

ROOT *against* KING AND OTHERS.

*J. I. Roosevelt,* for the defendants, moved to change the venue from Delaware to New York or Albany. He read an affidavit of the defendants, that the action was for a libel published of the plaintiff in his character of Lieut. Governor ; that the justification would rest on proof as to the appearance and conduct of the plaintiff, at a particular time, whilst he was presiding over the senate at Albany ;

*The change of venue in an action for a libel dispersed in several counties, depends on the same principles as in an action on contract ; and a change of venue will accordingly be denied, unless there is a decided preponderance of witnesses, or some other strong circumstance in favor of the change.*

that the defendants have 10 witnesses at New York and Long Island, material, &c. and a greater number at Albany

*Talcott*, (Attorney General,) contra, read an affidavit of the plaintiff, that he had many witnesses residing in the county of Delaware, where he resides, necessary and material, &c. the number of the witnesses he did not know, nor could he at present ascertain, but believed it would exceed ten; that he had no witnesses, as he was aware, in New York; that if the defendants should justify, he would need the testimony of many senators, present at the time and place mentioned in the libel, who could attend with less travel at Delaware than New York; and that the libel was circulated in Delaware.

He said, the venue was optional with the plaintiff, the action being for a libel dispersed in several counties. (1 Dunl. Pr. 410.) It does not appear that the cause of action arose any more in New York than Delaware, which is necessary in order to change the venue, the action arising *ex delicto.* (*Serially* v. *Wells,* 1 Cowen's Rep. 196.) Indeed it did arise in Delaware. At any rate, the plaintiff may retain his venue on stipulating to give material evidence arising in Delaware.

If the convenience of the parties is to be consulted, it is to be remarked that the change would be directly against the convenience of the plaintiff. He has no witnesses in New York. This does not appear to be so with the defendants in relation to Delaware.

As to witnesses living in other counties, it appears by the plaintiff's affidavit, that they can attend with more convenience in Delaware than New York. In such a case the venue will not be changed, but on special grounds; as where witnesses of both parties reside in the county to which the defendant wishes to take the venue. (1 Dunl. Pr. 411.) The contrary appears in this case.

If the plaintiff's witnesses live in the county where the venue is laid, the venue will be retained, unless there is a great and striking preponderance against him. (1 Dunl. Pr. 411.) The contrary appears in this case.

*Curia*, per SAVAGE, Ch. J. In *Clinton* v. *Croswell*, (2 Caines' Rep. 245,) the libel was published in a newspaper printed in Green county; but it had also been published in New York, where the plaintiff resided. On a motion to change the venue from New York, where it was laid by the plaintiff, to the county of Green, it was contended to be of more importance to an individual, to protect his character in the place of his residence, than at a distance. The Court said there was no ground for the application, and denied it. In *Manning* v. *Downing*, (2 John. Rep. 453,) this Court laid down the general principles on which venues are changed in transitory actions; that the change depended on the convenience of suitors, and the saving of expense to the parties; and they would not allow the plaintiff to retain his venue by stipulation, when it was shown that the defendant had witnesses in a distant county. In *Nicholson* v. *Lathrop*, (3 id. 139,) which was an action for a libel, the venue was laid in Albany. The defendant moved to change it on the ground that the libel was published by the defendant in a paper printed in Utica, where he resided, the plaintiff being a resident in Herkimer; and also on the ground that the defendant had a number of witnesses in Oneida and Herkimer. It did not appear that the plaintiff had any witnesses in Albany. The Court allowed the plaintiff 20 days within which to elect, whether he would lay his venue in Oneida or Herkimer. In *Ross* v. *Lown*, (8 id. 354,) the Court again recognized the general principles of convenience and saving of expense, and said they would not, in an action sounding in contract, permit the plaintiff to retain his venue, by a stipulation; but in that case, which was trespass *de bonis asportatis*, they allowed him to retain it on stipulating to give material evidence arising in the county where he laid his venue, though his witnesses were only half as numerous as the defendant's, and the cause of action arose in the county where the defendant wished the cause tried. In *Duryee* v. *Orcutt*, (9 id. 248,) the Court recognized the same principle; and add, "There are transitory actions in which the venue is altogether optional with the plaintiff. In this class we have placed, generally, all actions

NEW YORK,
May, 1825.

on contract. It includes, also, all actions arising beyond sea, or out of the state; *for libels dispersed in several counties;* for escapes or false returns against a carrier, on a specialty, note or bill of exchange; and whenever the cause of action is not wholly, or necessarily, confined to a single county. In these cases, the venue will not be changed, but upon special grounds, as where the witnesses of both parties reside in the county to which the defendant wishes to bring the venue. If the plaintiff's witnesses reside in the county in which he has laid the venue, unless there is a great and striking preponderance against him, the venue will not be changed."

This case places the action for a libel, dispersed in several counties, upon the same footing as transitory actions arising on contract; and it is viewed in the same light by the English practice. (1 Tidd, 547–8. 2 Archb. Pr. 176.) We do not see special grounds, sufficiently strong in this case to require a change of the venue, either in the balance of number or convenience of the witnesses or parties. The preponderance is rather in favor of the plaintiff.

Motion denied.