## W. H. Bailey v. Xeno Chapman.

Delivered January 6, 1897.

**1. Practice on Appeal—Statements Under Assignments of Error.**
Assignments of error will not be considered where the statements required by the rules are not subjoined to the propositions under such assignments.

**2. Same—Admission of Evidence—Absence of Bill of Exceptions.**
Alleged error in admitting evidence will not be considered on appeal, where the objection made to such evidence is not disclosed, and there is no bill of exceptions containing any objection or in any way referring to such evidence.

**3. Same—Same—Bill of Exceptions.**
Alleged error in the exclusion of evidence cannot be considered on appeal, when the bill of exceptions does not show that the witness would, if permitted, have testified as claimed.

**4. Evidence—Conclusion of Witness—Circumstances in Evidence.**
Evidence that plaintiff in an action for libel was a thief and liar, as stated in the libelous publication, is properly excluded where the statement and acts of plaintiff from which such inference may be drawn have been introduced in evidence, as the inference is for the jury instead of the witness.

**5. Same—Justification of Libel.**
Evidence that plaintiff in an action for libel was prosecuting the action under a pauper's affidavit is inadmissible to show that he was a "choice liar" as stated in the libelous publication.

**6. Practice—Remark of Court in Excluding Evidence.**
A remark by the court in explanation of his ruling on objections by defendant in an action for libel to the admission of certain evidence of plaintiff, that the latter ought not to be confined to a denial of the facts stated in the article, because it contained other than a mere statement of facts, is not prejudicial to defendant.

**7. Practice on Appeal—Error not Available.**

Error in instructing the jury in an action for libel that punitory damages cannot under the evidence be recovered is not available to defendant.

**8. Charge of Court—Burden of Proof—Weight of Evidence.**

An instruction in an action for libel that defendant must, to justify himself, show that all the libelous statements are true, and that his evidence must cover each and all such libelous statements, but that he is not required to show that all the statements in the article were true, but only those which are libelous in themselves, is not objectionable as giving undue prominence to defendant's burden of proving his defense.

**9. Jurisdiction—Libel.**

The circulation in any county of a periodical in which a libelous publication is contained, is sufficient to sustain an action for libel in such county.

ERROR from Brazoria.   Tried below before Hon. T. S. REESE.

*James A. Breeding,* for plaintiff in error.

[No brief for defendant in error reached the Reporter.]

NEILL, ASSOCIATE JUSTICE.—This suit was brought by Chapman against W. H. Bailey, as publisher of the Houston Herald, to recover $10,000 actual and $10,000 vindictive damages for the publication of an alleged libel.

The defendant below plead in abatement the privilege of being sued in Harris County, where he alleged was his residence, not guilty, and the truth of the alleged libelous publication.

On June 19, 1894, the matters plead in abatement were submitted to a jury, and were determined in favor of the plaintiff; whereupon the cause on its merits, on the application of defendant, was continued to the next term of court.   On the 8th day of January, 1895, the case was tried before a jury, and resulted in a judgment for $1000 in favor of the plaintiff.

*Conclusion of Fact.*—W. H. Bailey, the plaintiff in error, was, on the 19th day of September, 1893, the sole proprietor and publisher of the Houston Herald, a newspaper published in the City of Houston, Harris County, Texas.   On that day there was published in that paper a libelous and scurrilous article of and concerning defendant in error. The scurrility of the publication is such that a sense of decency forbids its being repeated in these conclusions.   In it the defendant in error is denounced as "a professional beat and bilker," "a choice and cheerful liar," "a scoundrel and political mountebank and a thief," who "if he had his just deserts, would be in convict stripes, behind prison bars, with his head shaved."

The only evidence offered in substantiation of these charges was that defendant in error had, through inability, failed to pay a hotel bill, and had denied making certain statements in a pretended interview published in the Galveston News, and afterwards admitted that he had

made them. We conclude, therefore, that the publication was false and malicious.

A copy of the Houston Herald containing the libelous publication was received through the mails in Brazoria County, Texas, where this suit was instituted, and was there read and circulated.

*Conclusions of Law.*—The first, second, third, fourth, eighth, ninth, eleventh, twelfth, thirteenth and fourteenth assignments of error will not be considered, for the reason that statements such as are required by Rule 31 are not subjoined to any of the propositions under these assignments.

The fifth assignment is as follows: "The court erred in permitting W. H. Bailey to testify, over the objection of defendant, that the alleged libelous article had been copied or reproduced in another newspaper, shown the witness while testifying." The statement subjoined to the proposition under this assignment does not disclose what the objection made to the testimony was, and when we turn to the record we are unable to find a bill of exceptions containing any objection, or in any way referring to the testimony. Therefore this assignment can no further be considered.

The grievance expressed in plaintiff in error's sixth assignment is at the court's refusal to permit a witness to testify that defendant in error is a thief and a liar. It is not shown by the bill of exceptions reserved to the court's action that the witness would, if permitted, have so testified. Besides, it appears that the testimony sought was only a conclusion that might have been drawn from statements and acts of the defendant in error which had been given in evidence, and it was for the jury to conclude, and not the witness, what such evidence established.

The plaintiff in error offered to prove that defendant in error was prosecuting this suit under a pauper's affidavit, in lieu of a cost bond. The purpose for which such evidence was offered was, as stated in plaintiff in error's brief, to show that Chapman was a "choice liar." The District Judge, of course, refused its admission. It may be a misfortune for one to be poor, but such misfortune has never been taken by the law as evidence that one is a "choice liar."

The tenth assignment of error does not complain of the admission of any testimony, but of a remark of the trial judge made in explanation of his ruling on objections taken by plaintiff in error's counsel to the admission of certain testimony of the plaintiff. This remark was: "The witness ought not to be confined to a denial of the facts stated in the article, because the article contained other than a mere statement of facts." The ruling of the court was correct, and we fail to perceive in what way the explanation could have prejudiced the plaintiff in error.

The following paragraph of the court's charge is complained of in the fifteenth assignment of error, as being upon the weight of evidence: "The plaintiff claims both actual or compensatory damages and punitory damages, but you are charged that there is nothing in the evidence and

finding for punitory damages, if you should find for plaintiff, and if you should so find you will limit your verdict to such damages as in your judgment, under all the facts in evidence, will compensate the plaintiff for the injury actually sustained by him by reason of the said publication, not greater than the actual damage claimed in plaintiff's petition."

The objection to the charge is not tenable. If it is erroneous, the error consists in informing the jury that punitory damages could not, under the evidence, be recovered. This, if error, is in defendant's favor. The plaintiff, if matters published of him are libelous per se, need not offer any evidence of special damages, unless he desires thereby to increase the amount of his recovery; for if he has been libeled, the law will presume that he has been injured, and leave the amount of such injury to the determination of the jury. Booger v. Knapp, 76 Mo., 457; Price v. Whitly, 50 Id., 437; Publishing Co. v. Miner, 12 Col., 77.

The court in the 6th paragraph of its charge instructed the jury as follows: "In order to justify himself, the defendant must show that all of said libelous statements are true. The evidence for the defendant on this point must cover each and all such libelous statements. The defendant, however, is not required to show that all the statements made in said newspaper articles exhibited to you in evidence are true, but only that those are true which are libelous in themselves, as shown you in the third and fourth paragraphs of this charge." This is complained of in the sixteenth assignment of error, upon the ground that it gives undue prominence to the burden on defendant to prove his defense. The burden was on him, and undue prominence was not given it by stating the law.

It is complained in the seventeenth assignment of error that "the court erred in holding that the District Court of Brazoria County had jurisdiction as to the venue of the case." The question of venue raised by the defendant's plea in abatement was submitted, and under a proper charge, to the jury, and by them determined against him. "There is no doubt that the circulation of a periodical in any county or State is sufficient to sustain an action for its publication in such county or State." Root v. King, 4 Cow., 403; Lucan v. Cavendish, 10 Ir. L. R., 537; Pinckney v. Collins, 1 Term Rep., 649; Commonwealth v. Macloom, 101 Mass., 6.

We do not think the verdict is without evidence to support it; nor do we believe it excessive. One's character could hardly be traduced by an article more defamatory than the one before us, and we find in the record no excuse or palliation for it.

The judgment of the District Court is affirmed.

*Affirmed.*