(161 App. Div. 753)

### BENNETT v. AUSTRO–AMERICANA S. S. CO.

(Supreme Court, Appellate Division, Second Department.   April 17, 1914.)

1. CORPORATIONS (§ 665*)—FOREIGN CORPORATIONS—ACTIONS AGAINST—JURISDICTION.

Under Code Civ. Proc. § 1780, which prior to the recent amendment thereof authorized actions against foreign corporations by nonresidents only for breach of a contract made in the state or relating to property therein to recover real property or a chattel in the state, or upon a cause of action arising within the state, the Supreme Court had no jurisdiction of an action for false imprisonment, brought prior to such amendment by a nonresident against a foreign corporation, unless the cause of action arose in this state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2571, 2573, 2595–2600; Dec. Dig. § 665.*]

2. CORPORATIONS (§ 665*)—FOREIGN CORPORATIONS—ACTIONS AGAINST—JURISDICTION—"NEW CAUSE OF ACTION."

Where a steamship captain imprisoned a passenger while on the high seas and kept him confined until several hours after the vessel docked in New York City, the continuance of the imprisonment while within the jurisdiction of this state created a new cause of action to the extent of the continued imprisonment arising within the state within Code Civ. Proc. § 1780, authorizing actions by nonresidents against foreign corporations on causes of action arising within the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2571, 2573 2595–2600; Dec. Dig. § 665.*

For other definitions, see Words and Phrases, vol. 5, p. 4785; vol. 8 p. 7731.]

3. SHIPPING (§ 166*)—AUTHORITY OF MASTER OVER PASSENGERS.

While a ship captain had legal power to imprison a passenger, he was answerable at law for the exercise of his authority of discipline if there was no necessity therefor, or if there was an excess beyond what was necessary.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 538–552; Dec. Dig. § 166.*]

4. SHIPPING (§ 166*)—ACTIONS—QUESTIONS FOR JURY.

In an action against a steamship company for false imprisonment, whether there was any necessity for the exercise of the captain's authority, or any excess beyond what was necessary in imprisoning a second cabin passenger for refusing to leave the first cabin quarters until the captain returned a letter complaining of the conduct of the ship's officers to which he was securing signers, were questions for the jury where the proof was conflicting.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 538–552; Dec. Dig. § 166.*]

Appeal from Trial Term, Kings County.

Action by Anthony C. Bennett against the Austro-Americana Steamship Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Frederic C. Pitcher, of New York City, for appellant.

Lorenzo Ullo, of New York City (James A. Beha, of New York City, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CARR, J. [1] On the trial of this action, the complaint was dismissed by the trial court at the close of the defendant's evidence, and judgment was entered accordingly, from which the plaintiff appeals. The only question involved in the case before us is whether, considering the plaintiff's proofs in their most favorable aspect, he has made out a cause of action. He is a nonresident of the state, the defendant is a foreign corporation, and the facts set forth in the complaint happened and the action was brought before the recent amendment to section 1780 of the Code of Civil Procedure. Hence this court had no jurisdiction of the plaintiff's cause of action unless it arose within this state. Payne v. N. Y., S. & W. R. R. Co., 157 App. Div. 302, 142 N. Y. Supp. 241.

[2] The facts appearing in the plaintiff's proofs show that in August, 1908, he was a second cabin passenger on one of the defendant's steamships journeying from a port in Greece to the port of New York. The vessel was crowded with emigrants and a large number of second cabin passengers. The latter, or a large number of them, became dissatisfied with the food furnished to them, and with others matters, and claimed improper attention to their needs and comfort on the part of the ship's officers. A letter was framed for the purpose of complaint and publication on the arrival of the ship at the port of New York, and the plaintiff undertook to get signatures to it, even from first-class passengers. He was told that a Mr. Allen, a first-class passenger, would sign this letter. The ship was then on the high seas, nearing the port of New York. The plaintiff went to the first cabin music room, where he found Mr. Allen and tendered him the letter for signature. The latter took the letter and began to read it before signing it. Thereupon the ship's captain entered the music room and took the letter from Mr. Allen and ordered the plaintiff from the room, on the ground that he, as a second-class passenger, had no right to be in the first cabin quarters. The plaintiff answered that he would not leave the room until he got back his letter. The captain refused to return it, and again ordered the plaintiff to leave the room, and on his refusal to go the captain struck him and ordered his removal forcibly by members of the crew. He was then confined in a stateroom, and the imprisonment continued while the vessel entered the port and for several hours after it had docked in New York City. The respondent contends that if the plaintiff has any cause of action it "arose" upon the high seas and this court had no jurisdiction of it. The appellant contends that he has a cause of action for false imprisonment to the extent of such imprisonment while within the jurisdiction of this state, even though such imprisonment began outside the jurisdiction, for its continuance made a fresh cause of action in his favor as long as it lasted, and, if it continued within this jurisdiction, a fresh cause of action arose within this jurisdiction to the extent of the continued imprisonment. In this contention we think the appellant is correct. Hardy v. Ryle, 9 B. & C. 608; Huggins v. Toler, 64 Ky. (1 Bush) 192; Dusenbury v. Keiley, 8 Daly, 537; s. c., 85 N. Y. 383; Van Ingen v. Snyder, 24 Hun, 81.

[3, 4] The further question arises: Did the plaintiff, according to his proofs, make out a cause of action of false imprisonment, at all? It is on this theory of false imprisonment that the plaintiff appeals to this court. Doubtless the captain had a legal power to imprison the plaintiff. But did the circumstances then existing justify the attempted exercise of this power? It is a long day since the belaying pin, or marlinespike, or knotted rope end were not only instruments but symbols of a shipmaster's authority. Considering the vast steamship traffic of the last half century, it is remarkable how few cases are to be found in the books affecting a ship captain's right to enforce discipline on the passengers on his ship. This fact speaks in no uncertain way of the habitual patience of the shipmasters amid their grave responsibilities. Yet, so far as the few cases are to be found, it is well-settled law that a shipmaster, though sometimes described as a "sovereign," and by one text-writer as a legal "despot," is yet answerable at law for the exercise of his authority of discipline, on two points, viz.: "Had there been any necessity for the exercise of the authority; and, even if there had been such a necessity, had there been an excess beyond what was necessary?" And in a court of law these questions, if presented on conflicting proof, as was the case here, became questions for the jury. Aldworth v. Stewart, 14 L. T. Rep. (N. S.) 862; Kay's Law of Shipmasters & Seamen (2d Ed.) § 585 et seq.; Machlachlan's Law of Merchant Shipping (5th Ed.) p. 366 et seq.; Abbott's Law of Merchant Ships & Seamen (14th Ed.) p. 900; Ragland v. Norfolk & Washington S. S. Co. (D. C.) 163 Fed. 376; Chamberlain v. Chandler, Fed. Cas. No. 2,575, 3 Mason, 242; N. J. Steamboat Co. v. Brockett, 121 U. S. 637, 7 Sup. Ct. 1039, 30 L. Ed. 1049.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.