Before State Industrial Board, Respondent.

In the Matter of the Claim of Salvatore Di Ionna, Respondent, for Compensation under the Workmen's Compensation Law, *v.* Terry & Tench Company, Inc., Employer, and the United States Fidelity and Guaranty Company, Insurance Carrier, Appellants.

Third Department, November 15, 1922.

**Workmen's Compensation Law — dependency — hearsay evidence alone not sufficient to support finding of dependency — foreign affidavit not properly authenticated not evidence of dependency — evidence of draft payable to father not evidence of dependency.**

Hearsay evidence alone is not sufficient to support a finding of dependency.

On the question of dependency of the claimant on his deceased son for support, the affidavit received in evidence was without probative force, as it appears that it was executed in Italy and was not authenticated in the manner required by sections 952, 953 and 956 of the Code of Civil Procedure (Civ. Prac. Act, §§ 395, 396 and 398) nor was it authenticated as required by the treaty of 1878 between the United States and Italy; having no official sanction recognized by our law, it was nothing more than hearsay evidence and insufficient to sustain a finding of dependency.

A draft showing a payment by the decedent to the claimant during the year preceding the accident was not alone sufficient to prove that the deceased made any contribution to the claimant's support, for the presumption is that the draft was issued or given in payment of a debt.

APPEAL by the defendants, Terry & Tench Company, Inc., and another, from a decision and award of the State Industrial Commission, made on the 29th day of March, 1921, and from a decision and award of the State Industrial Board made on the 28th day of November, 1921, affirming said award, and also from a decision and award of the State Industrial Board made on the 6th day of March, 1922, as corrected by notice of award dated April 29, 1922.

*William Warren Dimmick,* for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* and *Frederick H. Cunningham* of counsel], for the State Industrial Board.

*Salvatore A. Cotillo,* for the Italian Consul General, on behalf of the claimant, respondent.

HASBROUCK, J.:

The employer and insurance carrier have filed three appeals from as many awards made to Salvatore Di Ionna by the State Industrial Board as compensation for the death of his son.

Pasquale Di Ionna, employed by the Terry & Tench Company, Inc., while at work on a building on Westchester avenue, Bronx, New York, fell on May 29, 1920, and shortly after during the same day died. He was twenty-eight years old. The State Industrial Board has made three awards and they have been appealed from by the employer and the insurance carrier on the grounds that the dependency of the father is not proved and that partial support was not given by the deceased to his father during the year elapsing from May 29, 1919, to May 29, 1920.

The fact that the father was a dependent does not follow because he was possessed of no property. The fact that he owned no property is established by the evidence of his son John Di Ionna to the effect that the father had no property nine years ago. The law presumes that a state of facts established by evidence to have existed at a certain period continues to so exist. There is evidence given by the same witness that the father worked some land upon shares with the owner and lived upon its produce and what he earned. There is no evidence of dependence except that contained in the affidavit of the peasants. The authenticity of that affidavit is questioned by appellants and claimed by them to have no probative force since it is merely hearsay. This contention, we think, finds countenance in the law. No award depending upon the establishment of a necessary fact can be sustained if hearsay evidence constitutes the sole proof of such fact. (*Matter of Carroll* v. *Knickerbocker Ice Co.,* 218 N. Y. 439.)

The claim of the plaintiff then on the testimony adduced must fail unless it appears that the affidavit submitted by the claimant is in shape to possess probative force.

It has been held that an affidavit properly made is entitled to be received in evidence by the State Industrial Board. (*Moran* v. *Rodgers & Hagerty, Inc.*, 180 App. Div. 821.)   It is not bound by common law or statutory rules of evidence.  The question is then, was the affidavit of the peasants made in Italy properly authenticated? An attempt of authentication was made by attaching to it the signature of the notáry, Simone Biagiotti, who certified that he had put the declarant signatories on oath as to the contents of the affidavit. The legality of the signature of the notary was vised by the pretor, Iannuzzi.   Attached is his seal.   The signature of the pretor, Iannuzzi, is vised for legalization by the Ministry of Justice by the officer in charge, DeCesare and seal.   The signature of DeCesare is attested as to its authenticity by the Ministry of Foreign Affairs by the order of the Minister, Morone, and seal.

It need not be said that such authentication did not meet the requirements of sections 952, 953 and 956 of the then Code of Civil Procedure.*   (*Grillo* v. *Sherman-Stalter Co.*, 195 App. Div. 362.)

There is nothing then left in the law to confer authenticity upon the affidavit unless it be found in the treaty relations between Italy and the United States.   The last treaty covering such relations is the Consular Convention which was proclaimed September 27, 1878, and contains among other provisions, article 10 reading in part as follows: "Copies of papers relative to such contracts and official documents of all kinds, whether originals, copies or translations, duly authenticated by the Consuls General, Consuls, Vice-Consuls and Consular Agents and sealed with the seal of office of the Consulate, shall be received as evidence in the United States and Italy."

The affidavit in question, assuming it is an official document, does not attempt to comply with the above-quoted provision. Having no official sanction recognized by our law, it is powerless to emancipate itself from the domain of hearsay evidence.

Neither is there any proof that the deceased made any contribution to his father's support during the year prior to May 29, 1920. It seems to be taken for granted that there is in evidence a draft made in December, 1919.   The draft evidenced the payment of 1,500 lires by the son at the Banco DiNapoli Agenzia, No. 2, in New York.

Assuming that the draft was in ordinary form and that its proceeds

---

* Now Civ. Prac. Act, §§ 395, 396, 398.— [Rep.

were eventually delivered to the father, there still remains no evidence as to the use to which the proceeds were to be put. From the fact of the payment of a draft without other explanation, it must be inferred that like a check it was issued or given in payment of a debt.

We are of opinion that neither the dependency of the father nor the contribution to his support by the deceased as required by the statute to sustain the claim has been shown.

The award should be reversed, without costs, and a new hearing had before the Board.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HINMAN, JJ., concur.

Award reversed, without costs, and matter remitted to the State Industrial Board for further consideration.