SOL GERSTEIN, INC., Respondent, *v.* NEW YORK EVENING JOURNAL, INC., and Others, Appellants.

First Department, October 28, 1932.

*Charles Henry* of counsel [*Charles C. Smith,* attorney], for the appellants.

*Harry Mabel* of counsel [*Goodman & Mabel,* attorneys], for the respondent.

McAvoy, J.   The complaint sets forth an action for libel and asserts that the defendant New York Evening Journal, Inc., publishes a newspaper, and the International Feature Service, Inc., supplies feature articles for the newspapers; that certain Western Union telephotographs containing advertising matter, photographs of models wearing hats designed by the plaintiff, were caused to be distributed among plaintiff's customers and prospective customers by said plaintiff.   Copy of the telephotographs is made part of the complaint.   It is further alleged that the defendant Catherine Bauer composed an article, which is also made part of the com-

plaint, and that the article was published by the New York Evening Journal, Inc., in its newspaper, and that the defendant International Feature Service, Inc., sold the article to the New York Evening Journal, Inc., and to various other publications throughout the United States. This article is accompanied by photographs identical with plaintiff's telephotographs.

We think the article sufficiently charges improper and illegal business methods, as practiced by the plaintiff in the conduct of its business, and that such article, with its accompanying photographs, when related to plaintiff's business through similarity with the telephotographs prepared and distributed by plaintiff to its customers, is sufficient to show the application through these intrinsic facts to the plaintiff.

Although plaintiff does not set forth, under rule 96 of the Rules of Civil Practice, an allegation that the publication was of and concerning plaintiff, our view is that proof of the similarity of plaintiff's telephotographs, and the reproductions in the newspaper publication, would be a basis for a finding that the article accompanying it was intended to refer to plaintiff in the conduct of its business.

The court at Special Term, however, in its opinion stated that " the burden is upon the defendants to show that no one who could connect the false and defamatory article with the plaintiff had actually read the same."

We think this was an erroneous view, since defendant has no burden with respect to such proof. The burden rests upon plaintiff to show that by the wide circulation and distribution of the article, and its identifying photograph, the article came to the attention of and was read by a large number of customers and prospective customers of the plaintiff, and thus by its charges of illegal business methods caused damage to plaintiff's reputation in its business.

The order holding the complaint sufficient should be affirmed, with ten dollars costs and disbursements, with leave to the defendants to answer within ten days from service of order upon payment of said costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendants to answer within ten days from service of order upon payment of said costs.