PAUL GINSBURG, Appellant, v. HEARST PUBLISHING COMPANY, INC., et al., Respondents.

First Department, February 18, 1958.

*Leonard Feldman* for appellant.

*Lawrence V. Brock* of counsel (*Charles Henry* and *Joseph C. Hagan* with him on the brief; *McCauley, Henry & Brennan*, attorneys), for respondents.

VALENTE, J. We are called upon to review the exercise of discretion of Special Term in declining jurisdiction of a cause of action for libel brought by a nonresident of the State against

foreign corporations doing business in this State, where the complaint does not indicate that the tort was committed in New York.

The complaint alleges that plaintiff, an attorney licensed to practice in Pennsylvania and engaged in such practice in the city of Pittsburgh, was damaged in his reputation and profession by the publication of an alleged libel in the August 1, 1956 issue of the "Pittsburgh Sun-Telegraph". While no allegation is made as to the place or extent of the publication of the August 1, 1956 issue of the newspaper, the complaint does allege that one of the defendants publishes the paper in the city of Pittsburgh; that it is "a daily newspaper published evenings and Sundays in the City of Pittsburgh, and widely circulated and read throughout the Commonwealth of Pennsylvania and in the United States generally". The defendants are foreign corporations authorized to do business in New York, one being the subsidiary of the other.

There is no allegation of the publication of the alleged libel in New York. It has been held that the publication of a single issue of a newspaper — though many copies of the paper are distributed containing defamatory matter — gives rise to only one cause of action (*Gregoire* v. *Putnam's Sons, 298 N. Y. 119, 123–124*). It appears from the complaint herein that the cause of action arose in Pennsylvania.

Since the parties are nonresidents and the alleged libelous article was not published in New York, the courts of this State can refuse to retain jurisdiction of the action. In *de la Bouillerie* v. *de Vienne (300 N. Y. 60, 62)* the court said: "Our courts are bound to try an action for a foreign tort when either the plaintiff or the defendant is a resident of this State. (*Crashley* v. *Press Pub. Co., 179 N. Y. 27, 32.*) It is only when an action is brought by one nonresident against another for a tort committed outside the State that our courts may refuse to take cognizance of the controversy. (*Wedemann* v. *United States Trust Co., 258 N. Y. 315, 317; Murnan* v. *Wabash Ry. Co., 246 N. Y. 244, 247; Gregonis* v. *Philadelphia & Reading Coal & Iron Co., 235 N. Y. 152, 160.*)" (See, also, *Taylor* v. *Interstate Motor Frgt. System, 309 N. Y. 633, 1 A D 2d 933, appeal dismissed 1 N Y 2d 925.*)

On the record here, Special Term's refusal to take cognizance of the action was a proper exercise of discretion. The criteria guiding courts in applying the doctrine of *forum non conveniens* are fully discussed in *Gulf Oil Corp.* v. *Gilbert (330 U. S. 501)* and *Koster* v. *Lumbermens Mut. Co., (330 U. S. 518).* In the instant case, the complaint shows that the suit involves non-

residents for a cause of action that arose in Pennsylvania. *Johnston* v. *MacFadden Newspapers Corp.* (238 App. Div. 68, 70) relied on by appellant is clearly distinguishable. There the amended complaint sought to be served alleged that the paper containing the defamatory matter was " ' generally circulated in the State of New York and elsewhere.' " The majority of the court thought that such an allegation was sufficient to show a cause of action which arose in this State. The two dissenting Judges were of the opinion that this paragraph did not plead a cause of action in New York. In the instant complaint, there is no allegation of any circulation in New York, either generally or with respect to the alleged libelous article.

Moreover, the alleged libelous article on its face demonstrates that a trial of the usual issues which arise in an action of this type would most conveniently be held in Pennsylvania. Coupled with these significant considerations is the absence in the record of any averments by plaintiff showing reasons or special circumstances calling for retention of jurisdiction, even though the affidavit submitted by one of the attorneys for defendants on the motion for reargument tacitly invited an answer to defendants' appeal to the court's discretion.

There remain for consideration the conditions attached to the order of dismissal. In compliance with those conditions defendants stipulated to accept service of process or appear in the State of Pennsylvania upon the same cause of action as alleged in the instant suit, and to waive the Statute of Limitations in such action, provided the action was commenced within three months after the execution of the stipulation. The stipulation was executed September 25, 1957. The three months have therefore elapsed, while the instant appeal was pending.

Since the execution of such a stipulation was an element in the exercise of Special Term's discretion, we believe that an affirmance of the order below necessitates an extension of time and the execution of a new stipulation. The order below should be affirmed on the law and in the exercise of discretion, with costs to respondents, on condition that within 10 days after the entry of the order hereon respondents stipulate to accept service of process or appear in any action brought against them in the appropriate Pennsylvania court for the same relief demanded in the complaint herein and that neither of the defendants will plead the Statute of Limitations as a defense in such action but will waive it. In the event of respondents' failure to comply with the foregoing conditions, the order is reversed, without costs, with leave to respondents to serve their answers within 30 days from the entry of the order hereon. The

action in Pennsylvania is to be instituted within three months after the entry of the order hereon and compliance by the respondents with the conditions imposed.

BOTEIN, P. J., McNALLY and BERGAN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondents. Settle order.