Henry J. Latham, J.
Motion by defendant for a change of venue of this action from Kings County to Queens County.
No claim is made that an impartial trial cannot be had in Kings County. Neither is the application founded on any claim that the convenience of material witnesses or the ends of justice, will be promoted by the change. The sole ground urged on this application is that Queens County is the proper county for the trial of this action. (Civ. Prac. Act, § 187.)
Plaintiff is a resident of Kings County. Defendant has its principal place of business in Queens County. While the largest portion of defendant’s circulation is in Queens County, a substantial number of its newspapers (over 16,000) are circulated in Kings County.
In Johnston v. MacFadden Newspapers Corp. (238 App. Div. 68, 71) the Appellate Division said: “ The general rule is that an action for libel may be brought and tried in any county or State in which the libel is published or circulated.”
In any event, libel is a transitory action, and venue for such actions may always be placed in the county of residence of either of the parties. Since plaintiff resides in Kings County, he could properly bring the action there, and it cannot be said that venue was laid in the wrong county.
Cases cited by the defendant are readily distinguishable. In Armbruster v. Brady (154 N. Y. S. 2d 678) plaintiff and defendant were both residents of Westchester County where the paper was published. Plaintiff attempted to bring the action in Bronx County, where neither party resided.
In Alexander v. Brooklyn Eagle (114 N. Y. S. 2d 5, affd. 280 App. Div. 929) plaintiff and defendant were both residents of *135 Kings County, where the paper was published, and plaintiff attempted to bring the action in New York County.
In Barnes v. Roosevelt (164 App. Div. 540) the court noted that the county of residence of either plaintiff or defendant could be designated as the county of trial (supra, pp. 541, 542) but granted a change of venue to make sure that the fairness of the trial would be apparent to everyone, since plaintiff was a political leader of the county where venue was originally laid.
It cannot be said that Kings County was not a proper county in which the bring this action, and defendant’s motion must be denied.
Submit order.